Submitted on record and appellants' brief July 16, affirmed August 16, 1976

STATE ex rel STATE OF WASHINGTON et al,
*Appellants,*
*v.*
ANDERSON, *Respondent.*
(No. 46444, CA 5518)

552 P2d 1343

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, filed the brief for appellants.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a proceeding under the Uniform Reciprocal Enforcement of Support Act, ORS ch 110. Petitioners, on behalf of Madeline Anderson, a Washington resident, and her three children, sought child support from respondent, an Oregon resident.[1] Respondent is the husband of Madeline Anderson and the father of the children. At the time of the hearing on the petition for support, he had been separated from his spouse and children for ten months, but he was not under an order of child support either in Oregon or in Washington. Petitioners also sought an order for the payment of support enforcement fees pursuant to ORS 23.787. The trial court ordered respondent to make payments for the support and maintenance of the children. However, the circuit court refused to allow the support enforcement fees, and petitioners appeal that determination. Petitioners contend that the court was required by statute to order payment of the fees.

ORS 23.787 provides in pertinent part:

> "Any decree, judgment or order entered *in a proceeding for the enforcement of any delinquent support obligation* * * * shall include * * * an order for payment of support enforcement fees * * *." (Emphasis supplied.)

Petitioners correctly claim that parents have a general obligation to support their minor children, ORS 109.010. They then claim that respondent was "delinquent" in satisfying that obligation and that the proceeding here was to enforce that delinquent support obligation.

Considered in a vacuum, petitioners' position is reasonable. However, considering ORS 23.787 in the context of other statutes relating to the same subject matter, petitioners' contention is unpersuasive. In context, a delinquent support obligation is one which is not timely made in compliance with a preexisting

---

[1] Petitioners were represented by the Support Enforcement Division of the Department of Justice.

order for support. For instance, ORS 23.777 provides an alternative procedure to a proceeding for the *enforcement* of a delinquent support obligation. Upon notice that support payments are delinquent and upon application by the obligee, the district attorney or the Support Enforcement Division, a court shall issue a garnishment order. ORS 23.777(1). If, as petitioners contend, "delinquent support" does not refer only to delinquent court-determined support, then this garnishment procedure would be unconstitutional. *See, North Georgia Finishing v. Di-Chem,* 419 US 601, 95 S Ct 719, 42 L Ed 2d 751 (1975); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 US 663, 94 S Ct 2080, 40 L Ed 2d 452, *reh den* 417 US 977 (1974); *Fuentes v. Shevin,* 407 US 67, 92 S Ct 1983, 32 L Ed 2d 556, *reh den* 409 US 902 (1972); *Sniadach v. Family Finance Corp.,* 395 US 337, 89 S Ct 1820, 23 L Ed 2d 349 (1969).

Affirmed.